[Civ. No. 8791. First Appellate District, Division Two.—May 16, 1933.]

MARIUS GUINOU et al., Respondents, v. PERCY EDWARD WEBSTER, Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

M. Mitchell Bourquin and Clinton L. Markley for Respondents.

STURTEVANT, J.—On the night of June 7, 1930, near San Carlos, in San Mateo County, the plaintiff Mrs. Guinou was injured in an automobile collision. She was riding in a Ford coupe as the guest of Mr. and Mrs. Le Blanc. The car collided with a Pontiac being driven by the defendant. For the injuries sustained by Mrs. Guinou the plaintiffs commenced this action to recover damages. From the judgment entered on the verdict against him the defendant has appealed.

1. The trial court of its own motion gave an instruction that the violation of a statute is negligence as a matter of law. The defendant calls to our attention that the plaintiffs introduced evidence to the effect that the defendant was driving 45 miles per hour at the time of the accident. Continuing, he argues that as the statute was worded at the time of the trial such speed was not a violation of the statute. (2 Deering's Gen. Laws, p. 2507.) The plaintiffs reply that the instruction objected to stated nothing to the contrary. The record contains the opening

statement by the plaintiffs. Nothing therein is said regarding the defendant's speed. The same remark may be made of the complaint. No one of the instructions was addressed, in terms, to excessive speed. However, several other statutory provisions were read to the jury. It cannot be ascertained from the record how the jury could have applied the instruction complained of to speed when no issue on that subject was before it. If it be conceded, as defendant claims, that the statute in force at the time of the trial governs the case, it follows that a speed of 45 miles per hour is not *ipso facto* negligence, but other facts must be established showing the negligence. Under that assumption the force of the defendant's objection falls; because it then appears that no certain speed limit is prohibited by statute and the instruction could not have been considered as referring to speed.

■ 2. The first paragraph of section 101 of the California Vehicle Act is as follows: ''The headlights of motor vehicles shall be so constructed, arranged and adjusted that they (will, at all times mentioned in section 99 and under normal atmospheric conditions, produce ample driving light for the use of the operator of such vehicle but,) will not project a glaring or dazzling light to persons approaching such lights or to persons whom such headlights may approach.'' (Parentheses ours.) Omitting the part in parentheses the court read it as an instruction. The defendant asserts (1) it garbles the law; (2) there was no evidence that his headlights were unlawful; and (3) there was no evidence that the construction, arrangement or adjustment of his headlights was the proximate cause or the contributing cause of the accident. To the objection that the instruction did not contain the whole of section 101 there are two answers. If the defendant desired the rest of the section read he was at liberty to make the request. In the next place it was not disputed that the accident happened after dark and that it was the duty of the defendant to have his lights lit, and it was not contended that normal atmospheric conditions did not exist. Therefore the omitted reference to those subjects could not have been prejudicial to the defendant.

As to the second objection, the defendant quotes the evidence that Mrs. Guinou was blinded by the defendant's

lights. He then asserts that he was going uphill; and, although his lights were lawful, the centers were raised while going uphill and he was not to blame. We may suppose that the same facts were argued to the jury. It being, under all these circumstances, a pure question of fact, this court may not disturb the verdict.

As to the contention lastly made, it rests on exactly the same basis. Both parties presented their evidence. If the jury had believed the evidence produced by the defendant, it is clear the verdict would have been in his favor. Our statute provides certain specifications and certain tests for lawful lights. The defendant claims he complied therewith. But we do not understand him to assert that his mere claim was conclusive as to the facts.

■ 3. Acting on the request of the plaintiffs the trial court gave an instruction which quoted section 108 of the California Vehicle Act in full. Whether·defendant's spotlight conformed with the provisions of the statute was one of the prominent issues in the case. On that subject each party introduced some evidence. We think the court did not err in giving the instruction.

■ 4. In the same way the trial court instructed the jury as follows: ''I instruct you that it will not constitute a defense to this action for the defendant to show that Le Blanc, the driver of the Ford automobile, was negligent, or that negligence upon his part proximately contributed to the happening of this accident. If he, the driver of the Ford car was negligent, his negligence, if any, is not imputable to the plaintiffs, and the plaintiffs cannot be charged therewith unless you find that the plaintiffs had some dominion over or exercised some control over the management and operation of the Ford automobile involved in the accident.'' Standing alone it might be misleading; but, when read in connection with the other instructions, the ambiguity is removed. Instructions XXIII and XXIV were as follows:

''I instruct you that Mr. Webster is not responsible in this case unless he was guilty of some negligent act or omission which proximately contributed to the cause of the accident.

''If you find that the driver of the Ford car violated the law or was careless and negligent in driving that car

along the highway on the evening in question; and if you also find that such carelessness and negligence, if any, on the part of the driver of the Ford car was the sole proximate cause of the accident, then you must not award any damages against Mr. Webster in this case, and your verdict must be in his favor." All read together showed to the jury that the defendant was liable for his own tort only and not for the torts of others, and that if the accident was caused by the acts of plaintiffs' driver and not the act of the defendant, that then the latter was not liable.

We think the jury was correctly advised and that the trial court committed no prejudicial error.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1933.